# THOMPSON et ux. v. ANDERSON et al.

No. 6722. Decided November 29, 1944. (153 P. 2d 665.)

332

See 31 C. J. S. Evidence, Sec. 28; (1) 90 A. L. R. 1207; 39 Am. Jur. 47.

*Harley W. Gustin* and *Keith Browne,* both of Salt Lake City, for appellant.

*A. H. Hougaard,* of Salt Lake City, for respondents.

LARSON, Justice.

Defendant appeals from a decree of the District Court of Salt Lake County, enjoining him from certain conduct in and about business premises adjoining his home, and awarding plaintiffs $200 damages.

The complaint alleges that the parties live in adjoining houses, and the business property operated by defendant is directly in the rear of plaintiffs' residence; that defendant engages in certain businesses on said property; that the conduct of defendant's businesses on said property is a nuisance, and specifies the following particulars: Noise of trucks and cars in the driveway adjoining plaintiffs' residence; loud and unusual noise from power-driven saws; trucks and cars blocking the driveway, and motors on said vehicles left running while in the driveway; loud talking and slamming of doors during the nighttime; hammering during the day time and the nighttime; sound equipment which caused "loud, unusual and shrieking noises;" "loud and unusual" noise of large vacuum cleaners. There is also alleged notice to defendant that this condition constituted a nuisance, his refusal to abate it, and damage to plaintiffs. Defendant's demurrer to the complaint was overruled, issues joined, and after hearing the evidence the court entered a decree dismissing the action as to Ted Anderson; enjoining the conduct here complained of, and for $200 as damages to plaintiffs. Defendant appeals.

The first assignment of error is the overruling of defendant's general demurrer to the complaint. Two arguments

are advanced in support of this position. Firstly, defendant points out that there is no complaint that defendant's business is not a lawful business, and that the sounds which annoy plaintiffs are not unusual and not the ordinary sounds emanating from such a business as defendant is conducting. But even sounds normally inherent in the nature of a business may under some circumstances constitute a nuisance. In *Brough* v. *Ute Stampede Ass'n,* 105 Utah 446, 142 P. 2d 670, 674, it was not alleged or shown that the noises of which complaint was made were any but the usual noises attendant upon a carnival. The projected business was lawful, had in fact been specially licensed by the city council in past years, and yet we affirmed the judgment enjoining the holding of the carnival in front of plaintiff's property. Defendant's next argument is that the use of phrases "great and unusual noises" and "loud and unusual noises" is merely a conclusion of the pleader, and since there is no showing that the noises are louder than to be expected from operations such as are being carried on by defendant, no cause of action is stated. We fail to see how else plaintiff could have described the sounds without resorting to a classification by decibels of sound. It is similar to the allegation of "high and dangerous rate of speed" which we have approved in many cases. Loud means marked by intensity or relative intensity; giving an intense auditory impression. Unusual is defined as uncommon; not usual, rare. Great means considerable in magnitude, power, intensity; considerable in degree. Webster's Intern'l Dict. 2nd Ed. Does not this description of the noises convey their character to the mind equally as well as had the complaint alleged that it was a sound of say 50 decibels? Furthermore, as to the noises of the power saw and the sound equipment, are not such noises within the common experience of all of us? Does not the noise of a power saw, or the noise of amplifiers, evoke in the minds of everyone an accurate conception of the nature and intensity of the sound described? In short, the court could take notice of the nature and intensity of such sounds,

"for justice does not require that courts profess to be more ignorant than the rest of mankind." *Brough* v. *Ute Stampede Ass'n,* supra. The first assignment is without merit.

The next assignment of error is that the court should have granted defendant's motion to tranfer the cause to the jury calendar. In civil actions a jury is waived unless demanded, Utah Constitution, Article 1, Sec. 10; Sec. 104-26-1, U. C. A. 1943, and even then, unless the demand is made in the manner provided by statute, it is unavailing. Sec. 104-23-6, U. C. A. 1943, provides:

"Either party to an action * * * who desires a jury trial of the same * * * must demand it, either by written notice to the clerk prior to the time of setting such action for trial, or within such reasonable time thereafter as the court may order * * *."

No demand was made in accordance with the above statutory provisions, but pursuant to the authority therein contained for the court to provide a further time after setting for trial within which to make a demand, the Salt Lake County District Court has made rule No. 8, set out in respondents' brief, which provides that written application for a jury trial, and notice thereof may be made within five days after setting of the action on the nonjury calendar, and providing further that such application must be noticed for hearing at least five days prior to the date on which the case is set for trial. After the cause was set for trial on the nonjury calendar, defendant filed a motion under the provisions of rule No. 8 to have the cause transferred to the jury calendar. The application was not made within five days after setting of the case, and was not noticed for hearing five days before date of trial as provided by the rule. After a hearing the trial court denied the motion. Since it is a matter of discretion with the court to allow or refuse a demand for a jury when not made within the statutory time, *Wood* v. *Rio Grande W. Ry. Co.,* 28 Utah 351, 79 P. 182; *Ogden Valley Trout & Resort Co.* v. *Lewis,* 41 Utah 183, 125 P. 687; *Board of Education of Salt Lake City* v. *West,* 55 Utah 357, 186 P. 114, it follows that it would also be discretionary

for the court to refuse demand for a jury which did not come within an extended time provided by court rule. Nor is it an abuse of discretion to fail to grant demand for a jury trial when made late if no excuse is shown for the failure to make a demand within the time allowed by statute. *Board of Education of Salt Lake City* v. *West,* supra. The justification given in the present case is that defendant was giving "consideration * * * to overtures of the said plaintiff" which might have tended toward a settlement of the case. There was no abuse of discretion on the part of the trial court in refusing a jury trial upon such an excuse. Defendant now argues that Rule 8 was not introduced in evidence and therefore is not before this court. But such position does not help defendant because without Rule 8, there is no basis for his motion to transfer the case to the jury calendar and nothing upon which to predicate error.

We do not express any opinion as to whether it would be error to refuse a jury trial in such a case as this, had demand been made before the cause was set for trial as required by statute. That question is not here and we express no opinion thereon.

The next assignment is that the damages awarded are not justified by the evidence. This also presents the question whether $200 is "normal damages." After saying in its memorandum decision that "actual damages were left in the realm of speculation, and the court does ▮ not feel constrained to assess general damages," the court awarded plaintiffs $200 as nominal damages. That term has been defined as damages in name only, allowed simply in recognition of a technical injury or right. *Fouraker* v. *Kidd Springs Boating & Fishing Club*, Tex. Civ. App., 65 S. W. 2d 796; *Van De Putte* v. *Cameron County Water Control & Imp. Dist. No. 7*, Tex. Civ. App., 35 S. W. 2d 471; *McGrew Mach. Co.* v. *One Spring Alarm Clock Co.*, 124 Neb. 93, 245 N. W. 263. Or a trifling and inconsequential sum, *Atchison T. & S. F. R. Co.* v. *Watson*, 37 Kan. 773, 15 P. 877; *Davidson* v. *Devine*, 70 Cal. 519, 11 P. 664;

*Lund* v. *Lachman,* 29 Cal. App. 31, 154 P. 295; *Smith* v. *Holmes,* 167 N. C. 561, 83 S. E. 833. While the District Judge may have considered $200 a trifling and inconsequential sum, it does not seem so to us, and it was held in *Price* v. *McComish,* 22 Cal. App. 2d 92, 70 P. 2d 978, that judgment for $200 was not a judgment for the nominal damages which were authorized by stipulation of plaintiff. To the same effect see *Mahoney* v. *Beatman,* 110 Conn. 184, 147 A. 762, 66 A. L. R. 1121, and *Chowchilla Nat. Bank* v. *Nilmeier,* 83 Cal. App. 18, 256 P. 298. In the latter case $100 was declared not to be nominal damages. As said in *Price* v. *McComish,* supra [22 Cal. App. 2d 92, 70 P. 2d 982] :

"It therefore becomes clear that, in legal effect * * * the judgment in the sum of $200 was intended to represent the actual damages that plaintiff had suffered in the premises. * * *"

That is precisely the situation in the instant case, for in its findings, conclusions and judgment the District Court merely awards plaintiffs $200 damages, without saying that they were intended as mere nominal damages. Thus, while it would be error to give judgment for $200 nominal damages, that is not what the trial court did, for the findings, conclusions and decree are controlling, and the memorandum opinion of the court is not the decision of the case, and is not binding in this court. *Stevens & Wallis* v. *Golden Porphyry Mines Co.,* 81 Utah 414, 18 P. 2d 903; *Victor Gold & Silver Mining Co.* v. *National Bank,* 18 Utah 87, 55 P. 72, 72 Am. St. Rep. 767; *Grand Central Min. Co.* v. *Mammoth Mining Co.,* 29 Utah 490, 83 P. 648; *Utah Commercial & Sav. Bank* v. *Fox,* 44 Utah 323, 140 P. 660; *Miller* v. *Marks,* 46 Utah 257, 148 P. 412; *Headlund* v. *Daniels,* 50 Utah 381, 167 P. 1170. The court found a nuisance of some months duration, one which greatly annoyed and harrassed plaintiffs and rendered their life miserable. In such a situation the court could well find that they were entitled to more than a trifling and inconsequential sum.

The evidence herein presents a lamentable picture of un-

neighborly bickering over some period of time, but it is sufficient to support the findings and the findings and the conclusions support the decree. The only remaining question which we shall consider is whether the decree is too broad in scope—that is, whether, as defendant contends, it virtually prohibits him from living a normal existence next door to plaintiffs. Paragraph 3 (a) of the decree does appear to be rather broad in scope, at first glance, but as we interpret this provision it is not too sweeping. Under its provisions, defendant might make tests of his sound equipment in his shop, provided that such tests lasted only for a very few minutes, five at the most; further provided that such tests were confined to the day time, and also provided that they were not conducted at too frequent intervals throughout the day. As to the other provisions of the decree, they are reasonable. The court makes a differentiation between noises during the night and those during the day, and takes notice of the fact that what might be a nuisance if occurring during the nighttime, would not be so during the daytime. The decree also recognizes the fact, apparent in the evidence, and virtually admitted in the argument before this court, that in the operation of the vacuum, no nuisance will be created if it is operated during the day time only, and then under certain conditions—that is, with partitions in the shop. In short, we find no error.

In all cases like the present, where conduct of businesses is enjoined, the injunction must be interpreted reasonably, both by the parties and by the courts. The cardinal principle to be kept in mind at all times is that it is not noise as such, which is enjoined. The injunction goes only to such noises as constitute a nuisance—such noises as annoy the normal individual and interfere with the normal use and enjoyment of his property.

Judgment affirmed, costs to respondents.

McDONOUGH and TURNER, JJ., concur.

WOLFE, Chief Justice.

I concur in the result:

It is of course axiomatic that whether a business is a nuisance may depend on when, where and how it is conducted. Conducted in some places, it may with all types of smells and noises not be a nuisance; at other places only if so conducted at certain times; at still other places only if conducted with its usual incidents or odors and noises; and at still other places, a nuisance per se.

In this case the evidence was sufficient to justify the injunction because the court could include from that evidence that the noises were such as interfered with the reasonable enjoyment by the plaintiffs of the premises in which they lived, if carried on in the manner and at the times and for the durations prohibited by the injunction as reasonably interpreted.

I call attention to the varied use of the word lawful. A prohibited activity such as the business of gambling is per se unlawful. Most businesses carried on for the convenience or necessity or enjoyment of society are in that sense not unlawful. But such businesses may be unlawfully carried on if a license is required and they are carried on without a license. But even where licensed they may be a nuisance as noted in the case of *Brough* v. *Ute Stampede Ass'n*, 105 Utah 446, 142 P. 2d 670, referred to in the opinion. And in their aspect as nuisances they are unlawful. A city cannot license the carrying on of a nuisance. This, I think, is the significance of the Brough case. Such business was lawful only in the sense that it was not conducted as an unlicensed business.

WADE, J., concurs in the opinion, and also concurs in the views expressed by Mr. Chief Justice WOLFE.