## BENJAMIN et al. v. LIETZ.

No. 7330.   Decided November 22, 1949.   (211 P. 2d 449.)

See 62 C. J. S., Municipal Corporations, sec. 226. Nuisance arising from lawful business, see note, 90 A. L. R. 1207. See, also, 39 Am. Jur. 330.

*Skeen, Bayle & Russell*, Salt Lake City, for appellant.

*Clyde, Mecham & White*, Salt Lake City, for respondents.

PRATT, Chief Justice.

This is an appeal from a decision of the trial court enjoining the defendant from operating his planing mill during certain hours on week days, and all day on Sunday.

The defendant owns and operates a planing mill situated at 2032 South 10th East Street, Salt Lake City, Utah. This planing mill has existed since approximately 1900, having been erected by defendant's father. Defendant worked in the planing mill for his father for many years, and eventually inherited the mill from his mother in 1934. Prior to 1944 or 1945, the planing mill was enclosed in a frame building, but in 1944 and 1945 the defendant erected a cinder block building some 30 feet wide by 60 feet long immediately to the rear of the frame building and adjoining it. In 1947, defendant constructed a concrete apron extending along the south and west side of the building and placed thereon certain equipment and machinery used in connection with the planing mill. Enclosed within the new building was some of the machinery theretofore used in the frame building, some machinery which replaced machinery from the old frame building, and some new machinery not designed as replacements for any existing machinery, but rather additional machinery to that in use. The potential horsepower of machinery installed prior to 1943 was 125. The present potential is 149½.

The expansion of the planing mill began in 1943 when defendant received certain government orders for boxes, during the war.

The plaintiffs are residents near the planing mill, some of whom are property owners, others are not. They complain of increased activity in and around the planing mill of recent years, commencing with 1943, both during daylight hours, and extending far into the night, and all day Sundays, which interfered with their property enjoyment, rest and peace of mind.

From conflicting evidence the court found that the defendant had increased the horsepower of his planing mill; that prior to 1943 the defendant had not made a practice of operating his mill after 6:00 p. m. and when he did operate after that hour, that it was done only in a manner which did not disturb nearby residents. The situation was

similar all day on Sundays. The court further found that after 1943 the operation of the planing mill during the evening and night hours, and on Sundays resulted in loud and unusual noises at hours when the mill had not theretofore been used; that these noises were of sufficient intensity to make normal conversations difficult for plaintiffs in their homes, and interfere with sleep and cause plaintiffs considerable discomfort.

Several of appellant's assignments of error are predicated on the theory that the court erred in its findings of fact. Several witnesses testified to the increased activity since 1943, and that the noises had increased, describing these noises in some detail, and also that the work which had been carried on at night in the planing mill prior to 1943 had been limited almost entirely to work by the defendant alone and had not been of a nature which disturbed the nearby residents. We have reviewed the evidence carefully, and conclude that the evidence preponderates in favor of the lower court's findings in each instance.

Appellant takes the position that the plaintiffs failed to state a cause of action in their complaint. This contention is without merit. The complaint in substance follows the complaint tested in *Thompson* v. *Anderson*, 107 Utah 331, 153 P. 2d 665, which was held to be sufficient in that case. That appellant's business was a "lawful business" in no way affects this holding, since a lawful business may be operated so as to constitute a nuisance. *Thompson* v. *Anderson*, supra; and *Brough* v. *Ute Stampede Ass'n*, 105 Utah 446, 142 P. 2d 670.

Certain Salt Lake City Ordinances are pleaded by way of amendment to the complaint. They are as follows:

"Section 6720. Commercial district.

"(a) All buildings and premises may be used for any purpose permitted in Residential 'A', 'B' and 'B-3' districts and Business 'A' district and also for any trade, industry or use except the following, which are hereby prohibited, subject to provisions of Section 6728 of this chapter and of paragraph (b) hereunder.

\* \* \* \* \*

"46. Planing mill or woodworking plants using in excess of 50 horsepower."

\* \* \* \* \*

"Section 6728. Nonconforming use.

"Any use of buildings or premises at the time of the passage of the zoning Ordinance on September 1, 1927, may be continued, although such use does not conform to the provisions hereof. In the case of a building such use may be extended throughout the building, provided that no structural alterations are made therein, except those required by law or ordinance. Providing no structural alterations are made, a nonconforming use may be changed to any use permitted in a district where such nonconforming use would be permitted. Any nonconforming use changed to a more restricted use or to a conforming use shall not thereafter be changed back to a less restricted use.

"No non-conforming building which has been damaged by fire, explosion, act of God or act of the public enemy, to the extent of more than sixty (60) per cent of its assessed value, shall be restored except in conformity with the regulations of this ordinance.

"Any nonconforming use building, existing in any residential district at the time of the passage of the Zoning Ordinance, September 1, 1927, may be reconstructed or replaced to conform with all requirements for a Residential 'B-3' district, including all required yard spaces."

The inclusion of this ordinance in the pleading does not affect the question of stating a cause of action. The matters complained of by the appellant in this regard are really matters of proof rather than of pleading.

Evidence was introduced indicating that the rated capacity of the planing mill during 1947 was 57 KW, approximately 75 horsepower, and during 1948 the rated capacity was 48 KW, approximately 64 horsepower. Exhibit B indicates the demand KW measured on a 15 minute average basis monthly was below 50 horsepower only on a few occasions during the years 1947 and 1948. The potential horsepower of the planing mill was established at 149½ presently, and 125 horsepower prior to the expansion. There are no figures available establishing the rated capacity or demand KW averages prior to 1947, but considerable testi-

mony was introduced indicating that the increased use began after 1943.

If rated capacity is used as a criterion, the defendant is in excess of that authorized in the ordinance, or if actual potential horsepower is the criterion he is in excess of that authorized by the ordinance. If defendant prior to passage of the ordinance in 1927 had a demand rating in excess of 50 horsepower, if that be the test; or had a potential of 124 horsepower, if that be the test he could come in under the nonconforming use section of the ordinance. But, having expanded his facilities into a new building in 1944-45, he cannot rely upon the nonconforming use statute to protect his use in excess of the authorized statutory maximum, whether it be determined to be rated capacity, or potential capacity, since both are in excess of the statutory authorization. Thus, the limitation to 50 horsepower in the decree is proper.

It is next contended that the decree enjoining defendant from starting the machinery on Sunday is without authority under the statutes of the State or ordinances of Salt Lake City. No argument is made, but the court's attention is called to the cases of *Broadbent* v. *Gibson,* 105 Utah 53, 140 P. 2d 939; and *Gronlund* v. *Salt Lake City,* 113 Utah 464, 1948, 194 P. 2d 464. Both were cases wherein Sunday closing laws were held unconstitutional because discriminatory. They obviously have no application in an action to enjoin a nuisance.

It is further contended by the appellant that conclusion of law number 4 is erroneous in that it puts it within the power of the plaintiffs to say whether the defendant may or may not work in his shop during the restricted times, because the language of the conclusion leaves it for the plaintiffs to determine whether or not they can hear any noise made by him during the restricted times. This language is not, however, embodied in the decree. A fair interpretation of conclusion number 4 is that the type of noises theretofore emanating from defendants planing mill

which are of such a kind and volume as will disturb the peace and quiet of the neighborhood, such as the noises these plaintiffs heard in and around their homes and complained of are not to be allowed during the restricted periods.

Finally, it is contended that the finding that the defendant was guilty of contempt was in error since no hearing has been had on this point. It appears from the record that an order to show cause issued against the defendant after which defendant appeared and the court's temporary restraining order was continued, defendant was restrained from operating the machinery, and the order to show cause was dismissed. Thereafter, upon the trial it appeared that he had again violated the order and the court then found him in contempt. No punishment was meted out to the defendant however under the decree finding him in contempt of court. This the defendant admits, however he adds that it was a warning that punishment would follow violation.

Of course, the exact purpose of the order was to forbid certain activities on the part of the defendant, and the means of enforcement was the ability to punish for violation. This fundamental principle underlies all such orders. Since the defendant was not punished, we do not think that he has been prejudiced by this portion of the decree, assuming it to be an erroneous procedure.

Judgment of the lower court is affirmed. Costs to the respondent.

WADE, WOLFE, LATIMER and McDONOUGH, JJ., concur.