[No. 32238.   Department Two.   March 30, 1953.]

G. A. BRUSKLAND et al., Respondents, v. OAK THEATER, INC., et al., Appellants.[1]

*Ferguson & Burdell,* for appellants.

*Allen, Hilen, Froude, DeGarmo & Leedy,* for respondents.

[1]Reported in 254 P. (2d) 1035.

GRADY, C. J.—This action was brought by respondents to recover damages arising out of the creation and maintenance of a private nuisance by appellants. The jury rendered a verdict for respondents, and from the judgment entered therein an appeal has been taken. The verdict is supported by the following factual situation, which we gather from the record:

In 1936, respondents acquired a small tract of land in an area east of Lake Washington and have since resided thereon and made the same a home for themselves and their family. The area was made up of small farms. In 1939, the main highway leading east from Seattle was constructed; it is known as Sunset highway and lies along the north of the particular area involved in this case. About 1948, state highway No. 2A (east Pacific highway) was constructed. It is a north-south highway and runs along the west side of such area. On the east side of the area is 128th avenue S. E. Southeast 38th place is a street running in a southeasterly direction from No. 2A to 128th avenue S. E. The home of respondents is located on a four-acre tract abutting on the south side of 38th place.

Public zoning authority authorized the establishment of a small business district and the erection of a drive-in theater in the area, the latter being in the northeasterly part thereof. The part of respondents' property north of 38th place is in the business district. The theater was constructed in 1950. When appellants constructed the theater, they were confronted with an exit and entrance problem. The state highway department objected to placing the entrance directly off Sunset highway, King county objected to the use of 128th avenue on the east, and the business district prevented an approach from the west. Instead of exercising their right to have ingress and egress to and from the public highways, appellants acquired an 85-foot strip of land between the westerly part of the theater and 38th place for such purposes.

The driveway intersects 38th place at an acute angle and substantially in front of respondents' residence. The patrons of the theater are required to make a sharp turn with their

automobiles at the intersection. Much noise is made by the motors; there is a shrieking of brakes and the attendant noise caused by the rapid moving of an automobile around a sharp corner. Traffic congestion adds to the noise and confusion. The headlights of the automobiles shine upon a bedroom window of the dwelling house. Considerable noise is made by the method used in changing and adjusting an advertising sign. The result of the foregoing is that respondents are unreasonably and substantially disturbed in their comfort and repose and the enjoyment of their property, and its market value has been depreciated.

The court, in instructions commendable for their clarity and brevity, informed the jury that, the area occupied by the theater having been properly zoned for such use, appellants had the right to operate it in a lawful manner; that every person had a right to use his own property as he saw fit so long as his use of it would not invade the rights of his neighbor unreasonably and substantially; that the law recognized that absolute quiet and repose in a dwelling was impossible, and that those who lived upon highways must assume the burden of ordinary activities thereon; that appellants became liable to respondents when, and only when, the conduct of their business unreasonably and substantially interfered with the quiet enjoyment of respondents of their home; hence, before respondents were entitled to recover a verdict against appellants, they must prove by fair preponderance of the evidence that the noise, if any, emanating from the premises of appellants was such as would substantially and unreasonably disturb their repose and the enjoyment of their property.

The jurors were informed that, if the acts and conduct of appellants resulted in a depreciation in the value of the real property of respondents, this would be an item of damage to be considered in arriving at their verdict.

The jurors were further informed that, if it appeared from the evidence that before the commencement of the theater operation, noises of truck traffic upon Sunset highway were such that they could be heard inside the home of respondents, they might take that into consideration in determining

whether or not there had been an unreasonable and substantial invasion of respondents' repose and enjoyment of their home by reason of the theater operation. The court explained the meaning and proper application of "a substantial invasion" of the rights of respondents and informed the jurors that, in determining whether appellants had invaded the rights of respondents unreasonably, they should consider the latter as being persons of average sensibilities; that the question of liability did not depend upon how respondents themselves were affected, but upon how ordinary persons occupying the home or premises of respondents would have been affected by the acts of appellants; and that, if they found that ordinary persons would be only slightly disturbed by the activities of appellants, then the verdict should be in favor of the latter.

On the question of damages to real property, the court instructed the jury that they were measured by the difference between the reasonable fair market value of the real property of respondents prior to the commencement of the theater operations and the reasonable fair market value thereof at the time of commencement of the action June 20, 1951. The court gave the usually accepted definition of "fair market value."

The assignments of error are directed to the claim of appellants that the court rejected their theory of what constituted a nuisance, and to the claim that the jury was not properly guided with reference to the method to be used in determining the amount of damages to the real property of respondents.

Appellants contend that, when public zoning authority acting pursuant to authority given by statute authorized the construction of the theater building, their business in the permitted area was lawful, and that immunity from suit based upon a claim that a nuisance had been created and was being maintained was accorded to them by RCW 7.48.160, which provides:

"Nothing which is done or maintained under the express authority of a statute can be deemed a nuisance."

The argument is made that, under this statute, the theater could not have constituted a nuisance unless it was operated in an unreasonable manner; and the claim is made that respondents did not attempt to show that it was so conducted; that the test whether a business constitutes a nuisance is whether the use to which the property is put is reasonable or unreasonable. It is contended that the court rejected this test, and that the test applied by the court was whether or not the operation of the theater caused damage to adjoining property owners. Appellants state that, in applying such test, the court took the position that, if a business causes damage to adjoining property owners, it makes no difference that the business is lawful, is located in an authorized and lawful location, and is carried on in an authorized and lawful manner; also that the court in its instructions "flatly instructed the jury that appellants' business was a nuisance *per se*."

The difficulty with the position taken by appellants is twofold: (1) Assuming, but not deciding, that the action of the zoning authority was "under the express authority of statute," the most that can be said is that the theater could not constitute a nuisance in a legal sense; and (2) the court did not hold or intimate a nuisance *per se* had been created, but adopted the view that a private nuisance would exist only if it were made to appear that the theater premises were operated in such a manner that such operations substantially and unreasonably disturbed the repose of respondents and their enjoyment of their property and depreciated the value of their property.

■ We have had occasion to consider the effect of, and to apply, RCW 7.48.160 in *Jacobs v. Seattle,* 93 Wash. 171, 160 P. (2d) 299; *Hughes v. McVay,* 113 Wash. 333, 194 Pac. 565, 14 A. L. R. 681; *Aubol v. Tacoma,* 167 Wash. 442, 9 P. (2d) 780; *Shields v. Spokane School Dist.,* 31 Wn. (2d) 247, 196 P. (2d) 352. The rule of law deducible from the statute and these cases is that, when proper authority authorizes the operation of a lawful business in a certain area, such business does not constitute a nuisance in a legal sense, but it

may become such if it is conducted in such an unreasonable manner that it substantially annoys the comfort or repose of others or essentially interferes with the enjoyment of property in violation of RCW 7.48.010 and 7.48.120. The applicable parts of these statutes are as follows:

RCW 7.48.010. ". . . whatever is . . . an obstruction to the free use of property, so as to essentially interfere with the comfortable enjoyment of life and property, is a nuisance . . ."

RCW 7.48.120. "Nuisance consists in unlawfully doing an act, or omitting to perform a duty, which act or omission . . . annoys, injures, or endangers the comfort, repose, health, or safety of others . . ."

The case was presented by respondents and was given to the jury by the court upon the nuisance theory of the foregoing statutes.

■ The jury found upon substantial evidence that the statutes had been violated by appellants. The record bears out the findings and conclusions of the jury.

Having concluded that the case was presented and determined upon the correct legal theory, it would serve no useful purpose to discuss in detail the several assignments of error urged by appellants or to review the authorities cited in support thereof. Our examination of the record has convinced us that, although the appellants established a lawful business at a location legally zoned for that purpose, they have conducted such business in such a manner as to create a private nuisance as defined by the statutes, and that the court properly sustained the verdict of the jury. It was not the portrayal of the moving pictures or the accompanying music or of the sound of voices through the loud-speaker that created the nuisance, but it was the part of the operation of the business having to do with getting the patrons to and from the premises and the noise caused by the advertising sign changes that brought it within the inhibitions of the nuisance statutes.

■ Appellants contend that the court erred in not permitting the jury to consider all of the property of respond-

ents in the area near or adjacent to the theater property as one unit and then determine whether its value had been depreciated. The real estate owned by respondents is divided by 38th place. Respondents have their home and reside upon a four-acre tract south of 38th place. They made no claim that their property north of 38th place and in the business zone had depreciated in value, but contended the depreciation was with reference to their home. The fact that the property north of 38th place may not have been depreciated in value or even may have been enhanced in value can make no difference. The conduct of appellants that affected respondents took place in the nighttime and did not affect the use being made of the other property.

The judgment is affirmed.

SCHWELLENBACH, HAMLEY, DONWORTH, and FINLEY, JJ., concur.