365 P.2d 802

**Albert D. WADE et al., Plaintiffs and Respondents,**

**v.**

**A. L. FULLER and Ione Fuller, Defendants and Appellants.**

**No. 9444.**

Supreme Court of Utah.

Nov. 1, 1961.

Hansen & Miller, Salt Lake City, for appellants.

Ray, Quinney & Nebeker, Marvin J. Bertoch, Salt Lake City, for respondents.

CALLISTER, Justice.

Defendants own and operate a business, known as the "Polar King", in Magna, Utah. It is a drive-in cafe from which is served ice cream, sandwiches, soft drinks and the like. Plaintiffs, who are owners and dwellers of nearby residences, brought an action to enjoin the defendants from conducting their business, claiming the same to be a nuisance, and seeking damages.

The lower court, sitting without a jury, found that the operation of defendants' business had unreasonably interfered with plaintiffs' comfortable enjoyment of their lives and property and entered a decree enjoining the operation of the business unless the defendants (1) prohibited the use by patrons of the parking lot after closing hours; (2) made certain repairs to eliminate certain unreasonable sounds; (3) required their patrons to desist from creating unusual and unreasonable noises in their conversations and operation of their motor vehicles; (4) used reasonable means to prevent the patrons from annoying plaintiffs or damaging their property; and (5) stop servicing patrons after 9:30 P.M., Sundays through Thursdays, inclusive, and after 10:30 P.M. on Fridays, Saturdays and legal holidays. The decree awarded damages to each individual plaintiff, ranging from $100 to $500, aggregating $1,500. The decree further provided that any of the parties to the action could, after the expiration of sixty days, petition the court for a modification of the closing hours.

Defendants' business is located in a residential area. They completed the construction of their cafe and commenced operation in July of 1957. The plaintiffs had all resided in their homes prior to this date. At the time of the construction, the area had not been zoned. Subsequently, it was zoned residential, but zoning is not an issue in this case.

In this appeal, defendants first contend that the evidence was insufficient to sustain the finding of the lower court that their business operation constituted a

nuisance. In determining this question, we recognize that the operation of a drive-in cafe, even though located in a residential district, is not a nuisance per se. Unless the operation of this particular cafe constituted a nuisance in fact it cannot and should not be abated or enjoined. Furthermore, in suits to abate or enjoin the continuance of a legal business, proof that it is a nuisance in fact must be established by clear and convincing evidence.[1] The use of property for other than residential purposes may be, and at times is, an annoyance to dwellers in the vicinity, but the mere fact of annoyance does not establish the existence of a nuisance and is not of itself a sufficient basis for an injunction against the particular use from which the alleged annoyance arises. On the other hand, the law does not allow anyone, whatever his circumstances or conditions may be, to be driven from his home or compelled to live in it in positive discomfort, although caused by a lawful and useful business carried on in his vicinity.[2]

With the foregoing principles in mind, does the record in the instant case support the conclusion that the operation of defendants' cafe constituted a nuisance in fact? We think that it does.[3]

The record before us is rather voluminous and it would serve no useful purpose to set forth the evidence in detail. Suffice it to say that the evidence of the plaintiffs, while contradicted in many respects, clearly supports the findings of the lower court. It showed that young people, frequenting the cafe, created loud and disturbing noises by their talk, by "gunning" the motors of their "hot rods", by playing their car radios with the volume turned up high, and by blowing of the automobile horns. Vulgar and obscene language was often heard by plaintiffs, their children, and their guests. Patrons had, on occasion, urinated on the premises of the plaintiffs. Frequent traffic jams occurred in the vicinity. On occasions patrons had run their automobiles onto the lawns nearby and, in one or two instances, had collided with motor vehicles parked in front of the nearby homes. The defendants had often remained open until 11:00 P.M. The parking lot was used by patrons and others after closing hours, the noise and bedlam continuing.

It was the testimony of the plaintiffs that these objectionable noises and disturbances caused them great discomfort and inconvenience. That prior to the commencement of defendants' business, the area had been

1. 66 C.J.S. Nuisances § 127, p. 917; Kosich v. Poultrymen's Service Corp., 136 N.J.Eq. 571, 43 A.2d 15.
2. 39 Am.Jur. p. 328.

3. This court, on at least two occasions, has enjoined a lawful business because of noise alone. See: Thompson v. Anderson, 107 Utah 331, 153 P.2d 665; Benjamin v. Lietz, 116 Utah 476, 211 P.2d 449.

a comparatively quiet residential neighborhood.

 Defendants next contend that they cannot be held responsible for the conduct of their patrons, which conduct was beyond their control. This contention is without merit. Until the establishment of the cafe in the area, the offensive noise and conduct had been practically non-existent. It was the establishment of the business that attracted the teen-agers and their "hot rods", whose conduct disturbed the peace and quiet of the neighborhood. Under such circumstances it may reasonably be found that the defendants, as owners of the business, may be held responsible for the creation of a nuisance.[4]

Defendants complain of the admission into evidence of two tape recordings made by some of the plaintiffs with a borrowed recording machine. The tapes allegedly portrayed the noise emanating from and about the cafe. Whether or not these recordings were admissible we need not concern ourselves, in as much as other competent evidence was admitted which clearly sustains the court's finding of the existence of a nuisance in fact.

 Finally, defendants contend that the lower court erred in awarding damages to the plaintiffs in absence of any showing of any monetary loss. This contention is also without merit. This court has previously held that a plaintiff may recover damages for personal inconvenience, annoyance and discomfort caused by the existence of a nuisance.[5]

Under all the circumstances we think the decree of the lower court reasonable and proper.

Affirmed. Costs to plaintiffs.

WADE, C. J., and HENRIOD, McDONOUGH and CROCKETT, JJ., concur.

---

4. Brough v. Ute Stampede Ass'n, 105 Utah 446, 142 P.2d 670; Barrett v. Lopez, 57 N.M. 697, 262 P.2d 981, 44 A.L.R. 2d 1377.

5. Brough v. Ute Stampede Ass'n, supra, note 4.