460 P.2d 333

**Russell JOHNSON and Helen M. Johnson, Plaintiffs and Respondents,**

v.

**MOUNT OGDEN ENTERPRISES, INC., a Utah corporation, Defendant and Appellant.**

**No. 11502.**

Supreme Court of Utah.

Oct. 30, 1969.

Froerer, Horowitz, Parker, Richards, Thornley & Critchlow, Richard Richards, Ogden, for appellant.

C. C. Patterson, Ogden, for respondents.

TUCKETT, Justice:

The plaintiffs commenced this action seeking to recover damages against the defendant for trespass, malicious prosecution

and for maintaining a nuisance. The trial court awarded the plaintiffs $250 for wrongfully obtaining an injunction referred to in the briefs of the parties as malicious prosecution. The court also awarded plaintiffs judgment in the sum of $200 for trespass upon the plaintiffs' property, which item is not contested on appeal. The court further awarded the plaintiffs the sum of $3,000 as damages against the defendant for the maintenance of a nuisance upon the property adjacent to that owned by the plaintiffs.

The defendant is here seeking a reversal of the judgment.

In the year, 1956, the plaintiffs purchased a tract of property with a home thereon in the town of Pleasant View, Weber County, Utah. The property fronts upon U. S. Highway Nos. 89 and 91. At the time of the purchase by the plaintiffs the area lying to the south of the property consisted of pasture land. Some distance to the north of the plaintiffs' property there was a small combination of tavern and restaurant which was in operation. Prior to 1966 the defendant had purchased a tract of land south of the plaintiffs' home upon which it established a drive-in outdoor theater. In 1966 the defendant purchased the tract of land immediately south of the plaintiffs' property. After the acquisition of the property the defendant set about enlarging its outdoor theater so as to run two pictures simultaneously. As a part of the program of expansion the defendant caused to be erected a movie screen adjacent to the plaintiffs' property. The defendant's screen and the property of the plaintiffs are separated by a wire fence.

On the plaintiffs' property there was a well which the plaintiffs used for culinary purposes as well as for stock watering and irrigation. The plaintiffs had installed a pump to increase the output of the well. The deed received by the defendant at the time it purchased the land to enlarge its facilities purported to convey to the defendant the right to use water from a tap located upon the plaintiffs' premises. The record before us does not show that the defendant's grantor had a right to use any water from the plaintiffs' premises. The record shows that the defendant had, prior to the time we are concerned about in this matter, applied to the State Engineer for permission to drill a well upon its premises. At the time the defendant enlarged its facilities and established the screen adjacent to the plaintiffs' property it also connected a pipe to the plaintiffs' water system and used the water to cool its projection machines. At that time the premises of the plaintiffs were being occupied by tenants. After certain difficulties arose in connection with the plaintiffs' water system and it became necessary to install a new pump, the plaintiffs notified the defendant that the water supply from the

plaintiffs' premises to those of the defendant would be cut off. The defendant applied to the district court and prevailed upon the court to issue a temporary preliminary injunction restraining the plaintiffs from interrupting the supply of water. In a few days and at the time set by the court for a hearing upon the matter the defendant elected to dismiss its case and abandoned any further action.

The record shows that after the defendant had established the screen adjacent to the plaintiffs' premises the new facility attracted numerous patrons of the theater, and that as a result thereof considerable noise emanated from the defendant's premises occasioned by patrons sounding the horns of their vehicles and by other traffic noises associated with patrons going to and from the premises. The record further shows that people attracted to the theater also trespassed upon the plaintiffs' premises and engaged in window peeping at the plaintiffs' home. There was evidence to the effect that tenants of the plaintiffs were disturbed at night by the sounding of horns from the adjacent theater area and that during the hot weather it was necessary to keep the windows closed in order to avoid the noise. It appears also that tenants were encouraged to leave the premises by reason of the lack of water pressure in the plaintiffs' water system.

It is the defendant's contention that the plaintiffs are not entitled to recover on their claim for malicious prosecution inasmuch as the evidence fails to show malice on the part of the defendant and a lack of probable cause for filing the action. While it is true that malice is an essential element of a cause of action for malicious prosecution, it should be noted that in proving malice in a civil action it is not necessary to prove actual spite, ill will or grudge, but it is only necessary to prove wrongful or improper motive. In England and also in a number of jurisdictions in this country that follow the English rule, no action will lie for the institution or prosecution of a civil action maliciously and without probable cause where there has been no arrest, seizure of property, and no special injuries sustained.[1] In a majority of the jurisdictions in this country it has been held that an action of malicious prosecution will lie for the institution of the civil action maliciously and without probable cause, even though there has been no interference with the person or property of the defendant in the original case, and no special injury is shown.[2] In the case before us the evi-

1. Landavazo v. Credit Bureau of Albuquerque, 72 N.M. 456, 384 P.2d 891; Myhre v. Hessey, 242 Wis. 638, 9 N.W. 2d 106, 150 A.L.R. 889.

2. Slee v. Simpson, 91 Colo. 461, 15 P.2d 1084, 85 A.L.R. 412. See also Preliminary or temporary injunction cases, 58 A.L.R.2d 1440.

dence would seem to support the trial court's view that the defendant instituted the suit for an injunction without probable cause and solely for the purpose of using the plaintiffs' water supply without right and until a separate water system could be installed by it for the operation of its projectors. The evidence would support the conclusion that the suit was filed with an improper motive. We find no decisions of this court which would indicate that this jurisdiction should follow either the English rule or the rule laid down in other jurisdictions which do not follow the English rule. We need not determine that matter in this case inasmuch as the defendant by filing its action did in fact interfere with the property right of the plaintiffs.

▉ We now move to a consideration of the second problem raised by this appeal, whether the plaintiffs are entitled to recover damages by reason of the operation of the defendant's business adjacent to the home of the plaintiffs. It should be noted at the outset that the plaintiffs do not seek to abate the operation of the theater as a nuisance but they do claim damages by reason of the operation of the defendant's business interfering with their use of the home and in the depreciation of the market value of the premises. We recognize that the operation of the theater even though adjacent to the plaintiffs' home is not a nuisance in and of itself. The operation of any business or other activity adjacent to a residence may at times be the source of annoyance to the persons dwelling therein. No contention is made here that the defendant violated any of the zoning regulations.

▉▉ It is recognized that every person has a right to use his own property as he sees fit so long as that use does not invade the rights of his neighbor unreasonably and substantially. Absolute quiet and repose is impossible and everyone must assume some burden of ordinary activities of others in the vicinity. The plaintiffs are only entitled to recover if the record supports the conclusion that the conduct of defendant's business unreasonably and substantially interfered with the quiet enjoyment of the plaintiffs' premises by themselves or their tenants.[3] The trial court determined from the evidence that the noise emanating from the defendant's premises as well as the conduct of patrons of the defendant's theater tended to substantially and unreasonably interfere with the plaintiffs' enjoyment of their property. A review of the record supports the

3. Bruskland v. Oak Theater, Inc., 42 Wash.2d 346, 254 P.2d 1035; Clinic & Hospital, Inc. v. McConnell, 241 Mo.App. 223, 236 S.W.2d 384, 23 A.L.R.2d 1278; Brough v. Ute Stampede Assn., Inc., 105 Utah 446, 142 P.2d 670; Wade v. Fuller, 12 Utah 2d 299, 365 P.2d 802, 91 A.L.R.2d 569; Anderson v. Guerrein Sky-Way Amusement Co., 346 Pa. 80, 29 A.2d 682, 144 A.L.R. 1258.

## 174

court's finding that the acts and conduct of the defendant resulted in a depreciation of the market value of the plaintiffs' property and that the plaintiffs are entitled to recover therefor.

Decision of the trial court is affirmed. Plaintiffs are entitled to costs.

CROCKETT, C. J., CALLISTER and ELLETT, JJ., and WAHLQUIST, District Judge, concur.

HENRIOD, J., not participating.