Dale J. SHERK, Appellant
(Plaintiff Below),

v.

INDIANA WASTE SYSTEMS, INC., and Prairie View Farms, Inc., Appellees
(Defendants Below).

No. 4–1285A362.

Court of Appeals of Indiana, Fourth District.

July 31, 1986.

Rehearing Denied Sept. 5, 1986.

David M. McTigue, Voor Allen Fedder Herendeen & Kowals, South Bend, for appellant.

James F. Groves, South Bend, for appellees.

CONOVER, Judge.

Plaintiff-Appellant Dale J. Sherk (Sherk) appeals a negative judgment in his nuisance action against Defendants-Appellees Indiana Waste Systems, Inc. (IWS) and Prairie View Farms, Inc.

We reverse.

## ISSUES

Sherk presents three issues for review. Because we reverse we consider only two issues. Restated, they are

1. whether the trial court erred in finding IWS and Prairie View were not responsible for noise generated by others, and

2. whether the trial court erred in finding IWS's use of the land was reasonable and thus a good defense to this action.

## FACTS

Sherk raises hogs. IWS operates a landfill on land adjacent to Sherk's former hog breeding facility. IWS leases its land from Prairie View. Sherk's hogs suffered a 50% reduction in conception rates from the time IWS started its operation there. Eventually, Sherk had to close down his hog breeding facility at that location because of such losses.

Sherk, attributing that reduction to noise from the landfill operation, sued IWS and Prairie View Farms, Inc. (hereinafter collectively IWS). Sherk alleged IWS operated its landfill in such a noisy manner it constituted a nuisance[1] and damaged him.

The case was tried by the court. Upon the request of IWS under Ind. Rules of Procedure, Trial Rule 52(A) the trial court entered findings of fact and conclusions of law.

The trial court found *inter alia* (1) noise generated by IWS's operation of its landfill did not cause Sherk's problem, (2) truck traffic increased as a result of the opening of the landfill, (3) noise emanating from the increased truck traffic caused the reduction in conception rates, and (4) IWS's operation of the landfill was reasonable. The trial court entered judgment against Sherk. He appeals.

Additional facts necessary to resolve the issues presented are discussed below.

DISCUSSION AND DECISION

Sherk is appealing a negative judgment. A negative judgment may be challenged on appeal only as being contrary to law. *E.g. Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128, 135; *Matter of Estate of Parlock* (1985), Ind.App., 486 N.E.2d 567, 568. A decision is contrary to law only where the evidence and all reasonable inferences therefrom leads to one conclusion and the trial court has reached a different one. *E.g. Pepinsky*, 461 N.E.2d at 135; *Bays v. Bays* (1986), Ind.App., 489 N.E.2d 555, 560; *Parlock*, 486 N.E.2d at 569. We neither reweigh the evidence nor judge the credibility of witnesses. *E.g. Maddox v. Wright* (1986), Ind.App., 489 N.E.2d 133, 134; *Parlock*, 486 N.E.2d at 569. Where the party bearing the burden of proof receives a negative judgment we will not disturb it if there is any evidence or reasonable inferences arising therefrom which support the judgment. It is the function of the trier of fact to resolve any conflicts in the evidence. *E.g. Brand v. Monumental Life Ins. Co.* (1981), 275 Ind. 308, 417 N.E.2d 297, 298.

Sherk contends the trial court erred when it concluded IWS was not responsible for the noise and vibration generated by the trash hauling trucks entering and leaving its landfill. Sherk also contends the trial court erred when it decided reasonableness of use is a defense to an action for a nuisance and IWS's use of its land is reasonable. Because these contentions involve the same principles of law, we discuss them together.

---

1. IND. CODE 34-1-52-1 defines Nuisance as: Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action.

When deciding whether one's use of his property is a nuisance to his neighbors it is necessary to balance the competing interests of the landowners. In so doing we use a common sense approach. Mere annoyance or inconvenience will not support an action for a nuisance because the damages resulting therefrom are deemed *damnum absque injuria* in recognition of the fact life is not perfect. *Cf. Meeks v. Woods* (1918), 66 Ind.App. 594, 118 N.E. 591; *Lake Shore and M.S. Railway Co. v. Chicago, L.S. and S.B. Railway Co.* (1910), 48 Ind.App., 594, 92 N.E. 989, reh. denied 48 Ind.App. 584, 95 N.E. 596. Thus, 'reasonable use' of one's property may be a defense to a nuisance action where the use merely causes *incidental* injury to another. *See, e.g., Niagra Oil & Coal v. Jackson* (1910), 48 Ind.App. 238, 241, 91 N.E. 825, 826, trans. denied (emphasis ours). Where, however, one uses his property for his profit so as to practically confiscate or destroy his neighbor's property he should be compelled to respond in damages, for it can hardly be said such use is reasonable. *Niagra Oil*, 48 Ind.App. at 241, 91 N.E. at 827. Whether one's use of property is reasonable is determined by the effect such use has on neighboring property. Liability is imposed in those cases where the harm or risk thereto is greater than the owner of such property should be required to bear under the circumstances. *Cf. Northern Indiana Public Service Co. v. Vesey* (1936), 210 Ind. 338, 349–351, 200 N.E. 620, 625–626; *Yeager & Sullivan, Inc. v. O'Neill* (1975), 163 Ind.App. 466, 324 N.E.2d 846, 851, quoting *4 Restatement 2d, Torts*, § 822, at 231, Comment (j), (1939).

Sherk argues but for the landfill operation there would have been no noise obstructing the free use of his property as a hog breeding facility. Thus, he opines, IWS should be liable for the noise generated by the trash hauling trucks. IWS in turn argues because the trial court found its use of its property was reasonable IWS is absolved of any responsibility for its customers' noisy trucks.

The trial court concluded the policing of noise producing trucks upon the public highway fronting Sherk's breeding facility was in the province of the public authorities and IWS could not be held responsible for it. The trial court also concluded because the landfill operation was properly licensed, passed all local and state health inspections, operated as a normal landfill, and carried on no abnormally dangerous or ultra-hazardous activity its use of its land was reasonable. These conclusions are based in misconceptions of the law and are thus contrary to law.

The mere fact a business is operated in accord with various rules and regulations does not require a finding the use is reasonable. A determination of reasonableness of use in an action for nuisance depends upon the effect of the activity upon one's neighbors in the particular circumstances and locality, not merely upon whether one operates within the confines of particular authority. *Cf. Kissell v. Lewis* (1901), 156 Ind. 233, 59 N.E. 478; *Haggart v. Stehlin* (1893), 137 Ind. 43, 35 N.E. 997; *Terre Haute Gas Co. v. Teel* (1863), 20 Ind. 131.

A lawful business may be of such a nature, so situated, or so conducted as to constitute or become a nuisance. *See, e.g., Yeager & Sullivan, Inc., supra,* 163 Ind. App. at 474, 324 N.E.2d at 852 and cases cited therein; *Lake Shore etc. R.R. Co. v. Chicago etc. R.R. Co.* (1910), 48 Ind.App. 584, 588, 92 N.E. 989, 991.

Further, a business may be liable for the acts of its customers or others if acts by them upon the business property or in going to or leaving it obstruct a neighbor's use of his property. *Cf. City of Indianapolis v. Miller* (1907), 168 Ind. 285, 288, 80 N.E. 626, 627–628 (crowds of people awaiting admission to places of amusement may become a nuisance to adjoining property owners); *Kissell v. Lewis* (1901), 156 Ind. 233, 59 N.E. 478 (where, *inter alia,* bar patrons passing plaintiff's residence created nuisance); *City of Richmond v. Smith* (1897), 148 Ind. 294 (property owner entitled to injunction where use of street as city market blocked access to her property);

*Albright v. Crim* (1933), 97 Ind.App. 388, 185 N.E. 304, reh. denied (where it was determined a funeral home in a residential area could be a nuisance in part because of increased traffic). Accord, *Armory Park Neighborhood Association v. Episcopal Community Services in Arizona* (1985), 148 Ariz. 1, 712 P.2d 914 (affirmed preliminary injunction against center which provided free meals to indigent persons when those persons frequently trespassed, urinated, defecated, drank and littered on neighbor's property. The court noted liability for nuisance may be imposed upon one who sets in motion forces which eventually cause a tortious act); *Commonwealth v. Graver* (1975), 461 Pa. 131, 334 A.2d 667 (affirmed injunction against bar due to behavior of patrons which included loud, boisterous, and violent conduct, urinating on and littering neighboring property, and abusive and obscene language directed to neighborhood residents); *Sunset Amusement Co. v. Board of Police Commissioners of the City of Los Angeles* (1972), 7 Cal.3d 64, 101 Cal.Rptr. 768, 496 P.2d 840 (affirmed denial of renewal permit to operate skating rink noting a business catering to the general public may under certain circumstances be accountable for the disruptive conduct of its patrons whether on or off its premises); *Wade v. Fuller* (1961), 12 Utah 2d 299, 365 P.2d 802, 91 A.L.R.2d 569 (owner of drive-in restaurant may be held responsible for creation of nuisance due to conduct of patrons, including frequent traffic jams and driving of vehicles onto neighbor's lawns); *Reid v. Brodsky* (1959), 397 Pa. 463, 156 A.2d 334 (affirmed decree enjoining operation of taproom. The court rejected arguments most of the activity complained of took place outside the restaurant. Thus, the bar was held responsible for behavior of patrons which included noise, use of neighbor's property as toilets, for sexual behavior, etc.); *Barrett v. Lopez* (1953), 57 N.M. 697, 262 P.2d 981, 44 A.L.R.2d 1377 (dancehall proprietor liable for acts of patrons whether or not subject to police regulation. It was the establishment of the business which attracted the traffic); *Bruskland v.*

*Oak Theater* (1953), 42 Wash.2d 346, 254 P.2d 1035 (business liable for traffic problems in getting its patrons to and from the business and for noise caused by advertising sign changes). *Shamhart v. Morrison Cafeteria Co.* (1947), 159 Fla. 629, 32 So.2d 727, 2 A.L.R.2d 429 (restaurant owner responsible for long lines of patrons on public sidewalk blocking access to other businesses). But see, *Kasala v. Kalispell Peewee Baseball League* (1968), 151 Mont. 109, 439 P.2d 65, 32 A.L.R.3d 1120 (traffic hazards and improper use of streets and driveways resulting from little league baseball activities are matters subject to police regulation and do not constitute a public nuisance).

▄▄ The facts found by the trial court here show (1) the conception rate of Sherk's pigs ranged between 70% and 90% before the landfill began its operation; (2) the rate was reduced to 30% following the opening of the landfill; (3) the reduction in rate of conception was due to the noise generated by the trash hauling trucks traveling to and from the landfill.

It is apparent but for the landfill there substantially would have been no noisy truck traffic in the vicinity of Sherk's pigs, and they would have continued breeding successfully in the peace and tranquility which they apparently require. The interference here is more than a mere annoyance or incidental harm. The use of IWS's property has destroyed the usefulness of Sherk's property as a hog breeding facility. The evidence and all reasonable inferences from it leads inescapably to the conclusion IWS's use of its property was unreasonable in relation to Sherk's use of his property as a hog breeding facility.

Because the trial court found no liability, it made no findings as to damages. While a proper remedy for nuisance may consist of damages or injunction or some combination of the two for the separate harms alleged, *see, e.g., NIPSCO v. Vessey* (1936), 210 Ind. 338, 200 N.E. 620, Sherk seeks no injunction, only damages.

Reversed, and remanded for hearing and determination as to Sherk's damages only.

YOUNG, P.J., and MILLER, J., concur.