JEROME KLEINRICHERT *v.* STATE OF INDIANA.

[No. 673S128.  Filed June 27, 1973.]

*Robert S. McCain,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *David H. Kreider,* Deputy Attorney General, for appellee.

HUNTER, J.—This is a criminal petition to transfer to this Court filed pursuant to Appellate Rule 11(B), Rules of Ap-

pellate Procedure. Jerome Kleinrichert was indicted for pandering by the Allen County Grand Jury on March 3, 1970. He was convicted and sentenced to the Indiana State Prison for a period of not less than one (1) nor more than ten (10) years and fined One Thousand Dollars ($1,000.00). The conviction was affirmed by the Court of Appeals for the Third District on February 9, 1973.* *Kleinrichert* v. *State* (1973), 292 N. E. 2d 277. Petitioner specifies the following as error:

(1) The trial court erred in granting the prosecuting attorney's oral motion for a continuance on the day the cause was set for trial.

(2) The trial court erred in denying petitioner's motion to produce evidence.

(3) There was insufficient evidence at trial to sustain his conviction.

(4) The trial court weighed the indictment as evidence of petitioner's guilt.

(5) Petitioner received an illegal sentence.

The State's sole witness against petitioner was a prostitute who failed to appear at trial on December 9, 1970. When the subpoenaed witness did not appear, the prosecuting attorney orally moved for a continuance. The trial court granted the motion. Petitioner contends that the trial court was without authority to grant the oral motion for a continuance. The relevant statutes at issue here are: IC 1971, 35-1-26-1, Ind. Stat. Ann. § 9-1402 [Burns, 1956]; IC 1971, 35-1-26-2, Ind. Stat. Ann. § 9-1402 [Burns, 1956] which read in applicable part as follows.

> "*9-1401. Motion and affidavit of accused.*—A motion by the defendant to postpone the trial on account of the absence of evidence can be made only on affidavit showing materiality of the evidence expected to be obtained, and that due diligence has been used to obtain it, and where the evidence may be; and if the postponement be asked on account of an absent witness, the affidavit must show the name

---

* This case was transferred and re-assigned to this office May 1, 1973.

and residence of the witness, if known, and the probability of procuring his testimony within a reasonable time. The affidavit must further show that the absence of such witness has not been procured by the act or connivance of the defendant, nor by others at his request, nor with his knowledge and consent, and what facts he believes the witness will testify to, and that he believes them to be true, and that he is unable to prove such facts by any other witness whose testimony can be as readily procured. . . ."

*"9-1402. Application by prosecuting attorney—Discharge for delay in trial—Defendant in jail.*—Whenever the prosecuting attorney desires to obtain a postponement of the trial of a criminal cause on account of the absence of any witness whose name is indorsed on the indictment or affidavit, such continuance shall be granted on his official statement in manner and form as specified in the preceding section; *but the defendant may require the same to be in writing. . . .*" (Emphasis added.)

Petitioner urges that the above statutes mandate that the prosecutor's official statement be in writing. The Court of Appeals took the position that the statutes recognize that the prosecutor's motion may be oral. With this position we agree. The plain language of § 9-1402 authorizes such oral motion, ". . . but the defendant may require the same to be in writing." The record of this case discloses no such request made by defendant-petitioner. At the time the motion for continuance was made, the court had before it a subpoena which had been personally served upon the prosecuting witness. The prosecutor stated that he had learned only the day before that a letter sent to the witness had been returned. He stated that Inez Bonner was the sole witness for the State and that she would testify to all essential elements of the crime charged; that without her testimony the State would be forced to dismiss the case. These facts are sufficient to satisfy the statutory requirements of § 9-1401 and § 9-1402.

Petitioner further contends that the decision of the trial court to grant the oral motion for continuance is in direct conflict with Art. 1, § 12 of the Constitution of the State of Indiana and Criminal Rule 4 (D), Criminal Rules of Procedure.

The constitutional guarantee of the right to a speedy trial is procedurally implemented by Criminal Rule 4(D) which provides:

> "(D) *Discharge for delay in trial—When may be refused— Extensions of time.* If when application is made for discharge of a defendant under this rule the court be satisfied that there is evidence for the state, which cannot then be had, that reasonable effort has been made to procure the same and there is just ground to believe that such evidence can be had within ninety [90] days, the cause may be continued, and the prisoner remanded or admitted to bail; and if he be not brought to trial by the state within such additional ninety [90] days, he shall then be discharged."

The original trial date set for this cause was December 9, 1970. Upon granting the motion for continuance, March 5, 1971, was the new date set for trial. The second trial date was within the ninety days provided for by Criminal Rule 4(D). We, therefore, find no error upon this issue.

Petitioner alleges error in that the trial court refused his requests for production of certain index cards in the possession of the prosecuting attorney. The prosecuting witness kept a card file containing the names, birthdays, fractions of one hundred dollars paid and the dates of visitation of her male customers. Three of these cards were entered into evidence at trial. Petitioner filed a broad motion to discover "all records held by the State of Indiana, which reflect names and dates of acts of prostitution committed by the State's material witness Inez Bonner, which said records may also reflect amounts of money received for said acts of prostitution." Petitioner's motion alleges that Jerome Kleinrichert ". . . has a special need for production of the prostitution records . . ." However, petitioner demonstrated no "special need" for the production of the evidence. He did not lay any foundation to discover the evidence for impeachment purposes. The State resisted the petitioners motion on the grounds that the bulk of the card file contained information unrelated to the prosecuting witness's direct testimony. The

motion for the production of the evidence was properly denied by the trial court. However, the Court of Appeals, in treating this issue states:

> "If Jerome Kleinrichert was not satisfied with [the cards he received at trial], he should have requested a hearing. Having failed to request a formal hearing, *he has waived any errror which may have resulted from the trial court's ruling on his motion.*" 292 N. E. 2d at 284. (Emphasis added.)

The Court of Appeals cites *Yeary* v. *State* (1971, 257 Ind. 159, 273 N. E. 2d 96, for the above proposition. The facts of *Yeary* were materially different from the instant case. In *Yeary*, the appellant-defendant sought to discover a statement that the prosecuting witness had made to police, concerning an alleged rape. The court ordered the prosecution to produce the statement. The prosecution did not produce, alleging that the statement was not in its possession. This Court in *Yeary* stated:

> "The appellant did not request a hearing on the existence of the statement, as to whether or not the prosecuting attorney *had in his possession or under his control such a statement.* Under the circumstances we find no error in the trial court's action." 273 N. E. 2d at 99-100. (Emphasis added.)

Thus, the Court was speaking to the issue as to whether the statement was in the possession of the prosecuting attorney. In the instant case the information sought was clearly in possession of the prosecutor. The only question, therefore, is whether defendant is entitled to discover it. Failure to request a hearing should not be considered a waiver in a case such as this. It is when there are conflicting claims as to *the possession* of a pretrial statement that a hearing must be conducted. *Antrobus* v. *State* (1970), 253 Ind. 420, 254 N. E. 2d 873.

We find no merit in petitioners sufficiency of the evidence argument. Petitioner contends that there was no credible

evidence to convict him, because the testimony of his witnesses tended to impeach the credibility of the States prosecuting witness. The weight to be given to the testimony of witnesses lies within the province of the trier of fact. *Baynard* v. *State* (1972), 259 Ind. 336, 286 N. E. 2d 844. This Court will not weigh the evidence on appeal. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The Court on review will look only to that evidence most favorable to the State and all reasonable inferences therefrom which will support a finding of guilty. *Baynard* v. *State, supra.* A reviw of the entire record discloses substantial evidence of probative value from which the trier of fact could have reasonably inferred petitioners guilt beyond a reasonable doubt. The prosecuting witness testified that she turned over to petitioner One Hundred Twenty-Five Dollars ($125.00) obtained from prostitution. The trial court properly sustained the State's objections to petitioner's attempts to show that the witness was being subsidized by the police department and that there was an arrest warrant out for her. The Court of Appeals correctly decided this issue.

Petitioner contends that the trial court considered his indictment as evidence of guilt. The trial court made these remarks at the close of all the evidence:

". . . The prosecuting witness, Inez Bonner, appeared before the Grand Jury under oath and told her story. The prosecuting witness, Inez Bonner, appeared in this Court under oath and told her story."

We reject petitioner's contention. It is presumed that a trial judge, sitting in this case as the trier of fact, is capable of determining what may be properly considered in rendering a judgment. We cannot assume prejudice or bias on the part of the trial judge. Petitioner has shown us none. We find no error upon this issue. The Court of Appeals correctly decided this issue.

Finally, an additional matter arises which requires the granting of this transfer. Petitioner received an illegal

sentence. Jerome Kleinrichert was convicted for pandering under IC 1971, 35-30-6-1, Ind. Stat. Ann. § 10-4226 [1972 Repl.] which reads in part:

".  .  . and upon conviction for an offense under this act shall be punished by a fine of not less than one hundred dollars [$100] nor more than one thousand dollars [$1,000] *or* by imprisonment for a period of not less than one [1] year nor more than ten [10] years." (Emphasis added.)

Under the above statute, the court cannot impose both a fine and imprisonment. *Brown* v. *State* (1970), 254 Ind. 504, 260 N. E. 2d 876. Petitioner was sentenced to the Indiana State Prison for not less than one (1) nor more than ten (10) years *and* he was fined one thousand dollars ($1,000.00). Normally, this Court will not consider an issue which is first raised on appeal, but a court of review cannot ignore a fundamental error which is apparent on the face of the record, such as an incorrect sentence. *Vawter* v. *State* (1972), 258 Ind. 168, 279 N. E. 2d 805. Such an error is clearly apparent in this case, because the judgment of sentence is clearly invalid.

Transfer is hereby granted and this cause is remanded to the trial court with instructions to vacate the judgment heretofore entered and to enter a judgment of sentence consistent with the above statute.

Remanded and reversed with instructions.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 297 N. E. 2d 822.