In the Matter of the ESTATE OF Joseph PARLOCK, Deceased.

Clarence HREHA, Appellant (Plaintiff Below),

v.

John MEISS, Executor of the Will of Joseph Parlock, and Adrienne A. Meiss, Sole Legatee Under the Will of Joseph Parlock, Appellees (Defendants Below).

No. 3–385A67.

Court of Appeals of Indiana, Third District.

Dec. 17, 1985.

Roger T. Moore, Terry E. Johnston, Willis, Buls & Moore, Portage, for appellant.

Christian J. Gielow, Merrillville, for appellees.

STATON, Presiding Judge.

Clarence Hreha (Hreha) appeals a judgment denying his petition to contest the will of Joseph Parlock, deceased. Hreha raises the following issue, which we have restated:

Whether a will, which complies with all statutory requirements of execution, is invalidated by an attestation clause containing terms inconsistent with the will when there is no evidence of lack of testamentary capacity, undue influence, or fraud.

We affirm.

The will of Joseph Parlock consists of two pages. The first page contains conventional testamentary language and purports to dispose of Mr. Parlock's property. The second page contains the signatures of Mr. Parlock and two witnesses. As Hreha concedes, the will was executed in accordance with the requirements of IC 29–1–5–3(a).[1]

The will also contains an attestation clause, the presence of which is not required by statute. *See* IC 29–1–5–3. *See also Modlin v. Riggle* (1980), Ind.App., 399 N.E.2d 767, 770. The attestation clause states:

"The above and foregoing instrument consisting of two (2) typewritten pages, *each bearing on its margin the signature of the above named, JOSEPH PARLOCK,* signed, sealed, published and declared to be his Last Will and Testament, in our presence and in the presence of each other, believing him to be of sound and disposing mind and memory, have hereunto set our hands and seals as witnesses." (Emphasis added.)

The second page of the will bears John Parlock's signature both at the end of his will and on the right margin running vertically. The first page does not bear his signature.

The Probate Division of the Porter Superior Court issued an order admitting the will to probate. Hreha, residual legatee under a prior will of Mr. Parlock, filed a petition to contest the will currently in issue. Hreha argued at trial, as he does on appeal, that the inconsistency between the will and its attestation clause invalidated the will. After a bench trial the court denied Hreha's petition. This appeal followed.

Hreha had the burden of proof at trial[2] and, thus, is appealing a negative judgment. A negative judgment may only be attacked as being contrary to law. *Link v. Sun Oil Co.* (1974), 160 Ind.App. 310, 314, 312 N.E.2d 126, 129. When a judgment is attacked as being contrary to

---

**1.** IC 29–1–5–3(a) provides:

"The execution of a will, other than a nuncupative will, must be by the signature of the testator and of at least two (2) witnesses as follows:
 (1) The testator, in the presence of two (2) or more attesting witnesses, shall signify to them that the instrument is his will and either:
 (i) sign the will;
 (ii) acknowledge his signature already made; or

 (iii) at his direction and in his presence have someone else sign his name for him; and
 (2) The attesting witnesses must sign in the presence of the testator and each other."

**2.** IC 29–1–7–20 provides:

"In any suit to resist the probate, or to test the validity of any will after probate, as provided in section 717 [IC 29–1–7–17] of this code, the burden of proof shall be upon the contestor." (Footnote omitted.)

law, this Court may neither weigh the evidence nor consider the credibility of witnesses. *Stubbs v. Hook* (1984), Ind.App., 467 N.E.2d 29, 31. We may consider only the evidence most favorable to the judgment and all reasonable inferences to be drawn from that evidence. *Id.* We will reverse the trial court's judgment only if the evidence is without conflict and leads to only one conclusion different from that reached by the trial court. *Tipton Co. Farm Bureau Co-op. v. Hoover* (1985), Ind.App., 475 N.E.2d 38, 40–41. It is in light of this standard that we review the judgment of the trial court.

 Two grounds exist on which to base a will contest: (1) lack of testamentary capacity, and (2) undue execution. *Haskett v. Haskett* (1975), 164 Ind.App. 105, 112, 327 N.E.2d 612, 616 (construing IC 29–1–7–17) [3]; *Kenworthy v. Williams* (1854), 5 Ind. 375, 377 (construing former provision Rev.Stat.1852). Undue influence and fraud are generally regarded as examples of undue execution. *Love v. Harris* (1957), 127 Ind.App. 505, 517, 143 N.E.2d 450, 457; *Kenworthy*, 5 Ind. at 377. Thus, to successfully contest a will in Indiana one must plead and prove one of the following: lack of testamentary capacity, lack of compliance with IC 29–1–5–3(a) (governing execution), undue influence, or fraud.

In the present case, Hreha did not argue at trial—and does not argue on appeal—that Joseph Parlock lacked testamentary capacity to make a will. This ground, therefore, is not before us.

 While Hreha purports to challenge the will's execution ("Failure of the will to contain the testator's signature on each page contrary to the terms of the attestation clause rendered the will unduly exe-

cuted." Appellant's brief at 12), his challenge is without merit for several reasons. First, as noted above, Hreha concedes that the will meets all requirements of IC 29–1–5–3(a), which governs the execution of wills. (Appellant's brief at 8.) Second, Hreha argued neither at trial nor in his brief that the will was the product of undue influence. Thus, the only remaining argument available to Hreha concerns fraud.

 The circumstances constituting fraud must be pleaded specifically. Ind. Rules of Procedure, Trial Rule 9(B).[4] Hreha's petition to contest the will contained the following allegation at paragraph 3(d):

> "that said Last Will and Testament was unduly executed and that JOSEPH PARLOCK's signature thereto was obtained by fraud and duress(.)" (R. at 25.)

No other mention of fraud is contained in Hreha's petition. The mere reference to fraud contained in the above allegation is not sufficient to meet the specificity required by TR. 9(B). Any argument concerning fraud, therefore, is waived and not properly before the Court.

 Even if Hreha had pleaded fraud with the specificity required by TR. 9(B), his argument is not supported by the evidence. Apart from the inconsistency between the will and its attestation clause there is no evidence of fraud. This is not a case where there is even the slightest evidence of a deliberate (or even accidental) substitution of pages of a will. On the contrary, the evidence indicates that Mr. Parlock's failure to sign in the margin of the first page might well have been the result of a secretarial oversight. Mary Galanos, one of the witnesses to the will and

---

**3.** IC 29–1–7–17 provides:

"Any interested person may contest the validity of any will or resist the probate thereof, at any time within five (5) months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was exe-

cuted under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto."

**4.** TR. 9(B) provides in relevant part:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be specifically averred."

secretary to the attorney who prepared the will, testified:

"... I'm the one that made the error with not having him sign the first page."

(R. at 70.) While this statement by Ms. Galanos might be inconsistent with some of her other testimony, we re-emphasize our limited standard of review: we consider only that evidence most favorable to the judgment. Hreha's argument regarding fraud, which is waived by the pleadings, is also unpersuasive.

It is important to note that, in spite of Hreha's assertions to the contrary, the present case is unlike *Munster v. Marcrum* (1979), 182 Ind.App. 20, 393 N.E.2d 256. In *Munster*, an attestation clause recited:

"*The foregoing instrument was signed, published and declared by said Naomi Miller, as and for her Last Will and Testament, in our presence, and in the presence of each of us*, and we, at the same time, at her request, in her presence and in the presence of each of us, hereunto subscribed our names as attesting witnesses this 11 day of June, 1971. (Emphasis added.)"

*Munster*, 182 Ind.App. at 22, 393 N.E.2d at 257. The attesting witnesses testified, however, that when the will was signed the deceased did not expressly acknowledge her signature, which was already on the will. *Id.* If the deceased had failed to acknowledge her signature already on the will, the will would not have been executed in compliance with IC 29–1–5–3(a) (testator must either sign in presence of witnesses or acknowledge signature already made). Thus, the inconsistency between the attestation clause and the evidence involved an element essential to the statutorily-prescribed execution of the will. In the present case, by contrast, the inconsistency does not involve a statutory element of execution: nowhere in IC 29–1–5–3(a), or in any other statutory provision, is it required

that a testator who signs his name at the end of his will *also* sign in the margin of each page. Thus, *Munster* is inapposite to the present case.

Hreha's argument that the judgment of the trial court is contrary to law is without merit. No Indiana statute requires that an attestation clause be consistent with the terms of a will. No evidentiary basis exists which might indicate that the will was unduly executed. No Indiana case authority has constructed a rule which would support Hreha's argument.

Hreha, arguing in the alternative, suggests that if we find Indiana law does not currently require an attestation clause to be consistent with the terms of a will, this Court should adopt such a rule.[5] In support of his argument Hreha quotes from an estate planning workbook:

"In order to avoid the fraudulent substitution of pages [of a will], it is recommended that each page of the Will be identified. If the testator and witnesses sign each page, successful forgery of this identification is very unlikely. This procedure is not burdensome for Wills having only a few pages and, in fact, the need for signing several times helps make the event impressive and one which the witness will remember. To accomplish such identification, have the testator write his signature on each page in the left-hand margin before signing on his signature line at the end of the Will. Then, as each witness prepares to subscribe as witness, have him first write his signature on each page in the left-hand margin and then subscribe at the end of the Will. The margin signatures will run lengthwise of the Will. There is no need to have signature lines typed for these identification signatures.

The attestation clause set forth in § 3CO.12 of this workbook states that each page of the Will bears the signature of the testator and of each witness. If that language is included, omitting the

---

5. *Compare, e.g.,* Phillipine Code of Civil Procedure § 618: "The attestation clause shall state the number of sheets or pages used, upon which the will is written, and the fact that the testator

signed the will *and every page thereof....*" (emphasis added.) *See also In Re Hagorile's Will* (1927), 50 Phillipine 30 (failure of testator to sign every page of will annulled the will).

signature of the testator or of a witness on one page would be serious."

(Appellant's brief at 15–16, quoting Gromley, Hiller, and Hoeppner, *Workbook for Indiana Estate Planners* (1962), at 32–33).

 The passage quoted may indeed represent sound policy. Nevertheless, we must decline Hreha's invitation to amend IC 29–1–5–3(a). Any such invitation is, of course, more properly directed to the Indiana Legislature. We hold that an inconsistency between a will and its attestation clause is, by itself, insufficient to invalidate the will. The trial court's decision, not being contrary to law, is therefore affirmed.

HOFFMAN, J., concurs.

GARRARD, J., concurs in result.