**STATE FARM INSURANCE COMPANIES and Carriage Place Apartments Appellants (Plaintiffs Below),**

v.

**Roger K. FLYNN and Dawn D. Flynn, Appellees (Defendants Below).**

**No. 35A04–8804–CV–123.**

Court of Appeals of Indiana, Fourth District.

Dec. 15, 1988.

Christopher C. Myers, Myers & Wagoner, Fort Wayne, for appellants.

John F. Branham, Gordon Bendall & Branham, Huntington, for appellees.

CONOVER, Presiding Judge.

Plaintiffs–Appellants State Farm Insurance Companies and Carriage Place Apartments appeal a negative judgment from the Huntington Small Claims Court in a fire damage case.

We affirm.

State Farm raises three issues. We rephrase them as:

1. whether Plaintiffs were denied a fair trial due to judicial bias, and

2. whether the judgment is contrary to the law and the evidence.

Defendants–Appellees Roger K. and Dawn D. Flynn (Flynns) rented an apartment from Carriage Place Apartments (Apartment). Roger turned the fire on under a pan of grease on the kitchen range. After Dawn called him away, the grease caught fire. Roger attempted to put the fire out with salt and a fire extinguisher, but the grease splattered onto the carpet, burning it. Roger said he finally smothered the fire with a comforter. He managed to carry the pan from the kitchen to the outside. (R. 31–33).

Asserting a claim in negligence, Apartment and its insurer, State Farm, (together State Farm) sued Flynns to recover damages of $1,108.20 plus costs. (R. 7). John Aaberg, a State Farm Claims Representative, Vern Purcifell, a Fireman, and Dennis Mick, the Huntington Fire Chief, testified for State Farm. The Flynns acted *pro se.* The Flynns' witnesses presented narrative testimony about the events and called Gene Okuly, the property manager. From him Roger attempted to elicit testimony about Okuly's rejection of Flynns' offer to clean and repair the apartment.

After completion of the evidence, the court, by Mark A. McIntosh, Judge Pro Tem, directed the following entry:

COURT: Make the following entry. Comes now the Plaintiff in person and by counsel. Comes now the Defendants in person. Evidence heard. Evidence concluded. The Court now finds in favor of the Defendants and against the Plaintiff. Judgment.

(R. 46–47) and commented:

COURT: What is insurance for? What is insurance for? Why does that apartment complex carry insurance? Goodness gracious. People left a pan of grease on the stove accidentally and you are in here trying to make a claim. What do they pay premiums for? I absolutely.... Here are your papers. Think that ah, that's what insurance is for. That's why we pay people a lot of money in premiums not to come in here and when somebody, obviously carelessly, negligently. What's it for, it's an accident? My wife and I have left things on and we shouldn't have and we just barely got it there in time. I absolutely can't understand State Farm and when I see a couple State Farm agents. I am going to ask them if their insurance policies are this way? Now I don't mean to get mad at you but you are the State Farm agent. All right. Go. Who's next?

(R. 47–48). The court denied State Farm's motion to correct error. It said State Farm failed to prove negligence. (R. 9).

State Farm appeals.

■ As we frequently note:
A negative judgment may be challenged on appeal only as being contrary to law. *E.g. Pepinsky v. Monroe County Council* (1984), Ind., 461 N.E.2d 128, 135; *Matter of Estate of Parlock* (1985), Ind. App., 486 N.E.2d 567, 568. A decision is contrary to law only where the evidence and all reasonable inferences therefrom leads to one conclusion and the trial court has reached a different one. *E.g. Pepinsky,* 461 N.E.2d at 135; *Bays v. Bays* (1986), Ind.App., 489 N.E.2d 555, 560; *Parlock,* 486 N.E.2d at 569. We neither reweigh the evidence nor judge the credibility of witnesses. *E.g. Maddox v. Wright* (1986), Ind.App., 489 N.E. 2d 133, 134; *Parlock,* 486 N.E.2d at 569. Where the party bearing the burden of proof receives a negative judgment we will not disturb it if there is any evidence or reasonable inferences arising therefrom which support the judgment. It is

the function of the trier of fact to resolve any conflicts in the evidence. *E.g. Brand v. Monumental Life Ins. Co.* (1981), 275 Ind. 308, 417 N.E.2d 297, 298. *Sherk v. Indiana Waste Systems, Inc.* (1986), Ind.App., 495 N.E.2d 815, 817, *reh. denied, trans. denied.* On appeal we must affirm the judgment if it is sustainable on any legal theory. *Naderman v. Smith* (1987), Ind.App., 512 N.E.2d 425, 430.

## I.

State Farm first contends it was denied a fair trial. It asserts the court's comments are part of the judgment and opines the comments demonstrate prejudice, showing abuse of discretion. State Farm argues the court's comments show the court found the Flynns acted negligently and thus, the court's judgment is clearly against the logic and effect of the facts and circumstances before the court. Citing to *Flynn v. Barker* (1983), Ind.App., 450 N.E.2d 1008, State Farm argues the court's judgment must be interpreted in the same manner as a contract. State Farm posits the language of the court's comments constitute a finding of negligence, and thus, cannot be read as consistent with judgment in favor of Flynns. It claims the court misunderstood the law of subrogation, then states the trial court's conclusion is clearly against the logic and effect of all the facts and reasonable inferences arising from them. Thus, it says, the trial court abused its discretion, citing *Eyler v. Eyler* (1986), Ind., 492 N.E.2d 1071 and *Boles v. Weidner* (1983), Ind., 449 N.E.2d 288. State Farm also speculates the actual reason for the judgment is judicial prejudice against insurance companies. (Appellant's Brief, 7–9).

The Flynns assert, without citation to authority, the court's comment was an "elaboration . . . in the nature of a side bar and did not constitute any finding of the court." (Appellee's Brief, 3). They do not address State Farm's claim of prejudice denying fair trial, nor does the Flynns' brief address the issues presented.

The court's post-judgment comments are not findings and are not part of the judgment. Under Ind.Rules of Procedure, Small Claims 11(A), judgment is entered upon the court's docket. The comments were not entered on the docket. (R. 9). Findings were not requested by either party. Under the Small Claims Rules findings were not required. Those rules govern, not the trial rules. *Herrera v. Collection Services, Inc.* (1982), Ind.App., 441 N.E.2d 981, 984. Unlike Trial Rule 52(A), Small Claims Rule 11(A) makes no provision for entry of findings *sua sponte*. Here, the docket entry simply says:

*March 23, 1988*
Plaintiff, State Farm Ins./Carriage Place Apartments., appears by counsel. Defendant, Roger K. And Dawn D. Flynn, appear in person. Evidence heard and considered. Court now finds in favor of the Defendant. Costs to Plaintiff. LNT: Parties.

(R. 9).

■ Citing to *Kleinrichert v. State* (1973), Ind.App., 292 N.E.2d 277, [285], reversed on other grounds, 260 Ind. 537, 297 N.E.2d 822, State Farm argues the court's judgment for the Defendants "in the absence of any supporting evidence" shows the court's prejudice. On transfer of *Kleinrichert,* our Supreme Court noted we will not assume prejudice or bias on the part of a trial judge. It said the Court of Appeals correctly decided the issue of judicial prejudice as presented there. *Kleinrichert,* 260 Ind. at 542, 297 N.E.2d at 826. In *Kleinrichert* the Court of Appeals quoted a 7th Circuit case saying prejudice must be shown by trial conduct, it may not be inferred from the subjective views of the judge. *Kleinrichert,* 292 N.E.2d at 285. Adverse rulings and findings by a trial judge are not sufficient reasons to believe the judge has a personal bias or prejudice. *Thomas v. State* (1985), Ind., 486 N.E.2d 531, 533.

State Farm does not direct us to any prejudgment trial conduct exhibiting prejudice or bias by the trial court. To the extent the post-judgment comments are intelligible, they can be viewed to have found carelessness of a nature insufficient to show negligence. In accord with our standard of review, we view them in that light.

## II.

State Farm next contends the judgment is contrary to the evidence. It miscites to *Abels v. Monroe County Education Assoc.* (1986), Ind.App., 489 N.E.2d 533, for a standard of review. *Abels* did not concern a negative judgment.

As noted above, a negative judgment may be challenged only as being contrary to law and is contrary to law only when the evidence and all reasonable inferences from it leads to one conclusion and the trial court reached a different one. *Sherk,* 495 N.E. 2d at 817.

State Farm argues the Flynns failed to present any evidence to show they were not negligent. The Flynns were not required to do so.

They did not bear the burden of proof. State Farm bore the burden of proving the Flynns were negligent. State Farm points to the Flynns' permitting the fire to start and their attempts to put it out as careless and negligent, then asserts the elements of negligence were shown and not contested. State Farm's argument concerns itself with only the reasonableness of the Flynns' actions, and not with whether the Flynns owed State Farm any duty in this regard. It does not direct our attention to any evidence or law establishing a duty owed by the Flynns to either plaintiff.

■ Duty is an essential element of negligence. *Perry v. NIPSCO* (1982), Ind. App., 433 N.E.2d 44, 49; 21 *Indiana Law Encyclopedia,* Negligence § 2. Absent authority showing a duty owing to plaintiff, one cannot recover in negligence. *Id.* State Farm's failure to cite pertinent authority showing a duty imposed by law and its failure to show how the evidence presented shows a duty owing from the Flynns precludes further consideration of the issue. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7). Absent such authority and evidence, we cannot say the evidence leads only to a conclusion the Flynns were guilty of actionable negligence.

■ In addition, if we assume for purposes of argument the Flynns owed a duty to plaintiffs, State Farm failed to establish (a) the standard of care required, and (b) the Flynns' breach of it. State Farm's witness Mick testified he had attended "a lot of grease fires" and "guessed" it was careless to leave a pan unattended while cooking something. (R. 30). Witness Purcifell testified use of a fire extinguisher would be a proper, although risky, way to douse such a fire, but smothering with a lid was best. (R. 20). Purcifell saw a lid on the pan when he arrived at the scene. (R. 21). Flynn asserted he put a lid on the pan. (R. 27). Purcifell testified use of salt could be a good way to douse a fire, if salt was all one had. (R. 21). Flynn said they poured salt on the fire. (R. 32). From such testimony, the court reasonably could have concluded the Flynns did not act negligently, and we cannot say this evidence leads only to a conclusion of negligent behavior, as a matter of law.

■ Lastly, State Farm argues the trial court disregarded its right of subrogation and disregarded Apartment's right to recover the amount of its deductible. However, State Farm neither argues nor points to any evidence showing the trial court ever was asked to or considered any issue of subrogation before judgment was rendered. The record shows no discussion or the raising of an issue by any party relating to subrogation prior to the entry of judgment. That issue was raised for the first time in State Farm's motion to correct errors. A party may not raise an issue for the first time in his motion to correct error or on appeal. *E.g. Rodgers v. Rodgers* (1987), Ind.App., 503 N.E.2d 1255, 1257, *trans. denied; Thompson v. Daviess–Martin County REMC* (1985), Ind.App., 486 N.E.2d 1102, 1104.

AFFIRMED.

MILLER, J., concurs.

GARRARD, P.J., concurs with opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority's determination that the court's post judgment remarks are not determinative or a part of

the judgment. I additionally agree that Flynn's conduct under the circumstances did not establish negligence as a matter of law as the proximate cause of the damage. I therefore find it unnecessary to address the other issues considered in the majority opinion.