## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 22 2020, 6:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John Andrew Goodridge
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sarah J. Shores
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Gregory Anthony Runau,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 22, 2020

Court of Appeals Case No.
19A-CR-1845

Appeal from the Vanderburgh
Circuit Court

The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-1806-F1-4162

**Bailey, Judge.**

# Case Summary

[1]  Gregory Anthony Runau ("Runau") was convicted of three offenses: Child Molesting, as a Level 4 felony;[1] Sexual Misconduct with a Minor, as a Level 6 felony;[2] and False Informing, as a Class B misdemeanor.[3] Runau received an eight-year sentence for the Level 4 felony, a 547-day sentence for the Level 6 felony, and a 547-day sentence for the Class B misdemeanor. The trial court ordered concurrent sentences, for an aggregate term of eight years in the Indiana Department of Correction. Runau now appeals, presenting a single issue: whether the trial court imposed an inappropriate sentence. Upon review, we decline to disturb the aggregate sentence imposed by the trial court. We therefore affirm the eight-year sentence for the Level 4 felony. Moreover, we also affirm the concurrent 547-day sentence for the Level 6 felony. However, because the maximum sentence for a Class B misdemeanor is 180 days—and the trial court imposed 547 days for Class B misdemeanor False Informing—we cannot affirm this unauthorized sentence. To cure the error, we revise the sentence for False Informing to 180 days. We therefore affirm in part, reverse in part, and remand for correction of the record.

---

[1] Ind. Code § 35-42-4-3(b).

[2] I.C. § 35-42-4-9(b).

[3] I.C. § 35-44.1-2-3(d)(1).

# Facts and Procedural History

[2] In June 2018, the State filed a four-count information against Runau:

- Count 1—Child Molesting, as Level 1 felony.[4]

- Count 2—Child Molesting, as a Level 4 felony.

- Count 3—Sexual Misconduct with a Minor, as a Level 6 felony.

- Count 4—False Informing, as a Class B misdemeanor.

[3] The alleged victim in Counts 1 and 2 was L.R.—Runau's daughter—who was thirteen years old at the time of the alleged offenses. The alleged victim in Count 3 was L.E., a child between fourteen years old and sixteen years old.

[4] Runau pleaded guilty to Counts 3 and 4 without a plea agreement, and a jury trial was held on the other counts. At trial, L.R. testified that in the summer of 2017, Runau went into her bedroom and touched her vagina on top of her clothing. L.R. testified that, on a different occasion, Runau put his hand under her shorts and, for three to five minutes, touched her vagina with his finger. The jury found Runau guilty of Count 2 and not guilty of Count 1.

[5] Following a sentencing hearing, Runau received an eight-year sentence for the Level 4 felony, to be served in the Indiana Department of Correction. He also

---

[4] I.C. § 35-42-4-3(a).

received 547-day sentences for the Level 6 felony and the Class B misdemeanor, which the trial court ordered to run concurrent with the eight-year sentence.

[6] Runau now appeals.[5]

# Discussion and Decision

[7] Pursuant to Appellate Rule 7(B), an appellate court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Our review should "focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). In reviewing a sentence, we are not assessing whether a different sentence would be more appropriate. *See Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015). Rather, we are assessing whether the imposed sentence is inappropriate. *See id.* Moreover, as "sentencing is principally a discretionary function," *Cardwell*, 895 N.E.2d at 1222, we give considerable deference to the court's decision, *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). That deference "should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such

---

[5] Runau's brief does not contain a Summary of Argument required by Appellate Rule 46(A)(7)—it instead largely repeats the Statement of Issues. *See* Ind. Appellate Rule 46(A)(7) ("The summary should contain a succinct, clear, and accurate statement of the arguments made in the body of the brief.") We remind counsel that the appellant's brief must contain the sections set forth in Rule 46(A), in the order set forth in that rule.

as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Id.* Ultimately, Rule 7(B) revision is appropriate only in "exceptional cases." *Livingston v. State*, 113 N.E.3d 611, 613 (Ind. 2018).

[8] Regarding the offenses, the eight-year sentence for the Level 4 felony and the 547-day sentence for the Level 6 felony were within the statutory range. *See* I.C. § 35-50-2-5.5 (providing a sentencing range of two years to twelve years for a Level 4 felony, with an advisory of six years); I.C. § 35-50-2-7 (providing a sentencing range of six months to two-and-one-half years for a Level 6 felony, with an advisory of one year). As for the Class B misdemeanor, however, the Indiana General Assembly has authorized a maximum sentence of 180 days. I.C. § 35-50-3-3. Here, the 547-day sentence for False Reporting falls outside that range. Although this concurrent sentence does not affect the aggregate period of incarceration—and Runau does not challenge this specific sentence— we are obliged to remedy an unauthorized sentence. *See Kleinrichert v. State*, 297 N.E.2d 822, 826 (Ind. 1973) ("[A] court of review cannot ignore a fundamental error which is apparent on the face of the record, such as an incorrect sentence."). We therefore revise the False Reporting sentence to 180 days, and, on remand, direct the trial court to correct the record. *See* Ind. Appellate Rule 66(C)(10) (authorizing this Court to grant "any . . . appropriate relief").

[9] Before addressing the nature of the offenses and the character of the offender, we note that Runau does not focus on the aggregate term of incarceration. Rather, he focuses on the imposition of an aggravated sentence for the Level 4

felony. Indeed, Runau asserts he "should not be penalized with an aggravated sentence" and that "the factors in mitigation . . . significantly outweigh any aggravating factors determined by the trial court." Br. of Appellant at 18. He asks us to impose "not more than the minimum of two (2) years" on the Level 4 felony count. *Id.* To the extent Runau's argument could be characterized as alleging the court abused its sentencing discretion, Runau has not demonstrated an abuse of sentencing discretion because (1) he does not argue that the court failed to identify significant aggravators and mitigators and (2) the weight assigned to aggravators and mitigators is not reviewable for abuse of discretion. *See Anglemyer v. State*, 868 N.E.2d 482, 491-93 (Ind. 2007), *clar'd on reh'g*.

[10] Turning to the nature of the offenses, Runau sexually abused two children—one of whom is his daughter. Runau also gave false information. We discern nothing about the nature of the offenses that warrants revising the sentence.

[11] As to the character of the offender, Runau was in his late forties at the time he committed these offenses. During the summer of 2017, Runau's wife worked during the day and Runau stayed home with his thirteen-year-old daughter. In addition to sexually abusing his daughter, Runau engaged in other concerning behavior that summer. Runau would watch pornography in the computer room loud enough that his daughter could hear it from elsewhere in the house. Moreover, at one point, Runau walked into his daughter's bedroom without clothes on. These concerning actions do not reflect well on Runau's character.

[12] In support of his character, Runau argues that he accepted responsibility by choosing to plead guilty to two offenses. Although the decision to plead guilty appears to be somewhat pragmatic, it nevertheless warrants consideration. Runau also characterizes his crimes as "isolated deficient acts" and asserts he "was a good father, who participated in the life and affairs of his daughter" and maintained a good relationship with her. Br. of Appellant at 17. Yet, Runau exploited this relationship and took advantage of a position of trust. L.R. testified she had "love[d] [Runau] like a daughter would . . . until after he did what he did," which "made [her] feel really bad and sad and hurt." Tr. at 31.

[13] Runau also notes that he has PTSD. However, Runau only cursorily mentioned this diagnosis when correcting the pre-sentence investigation report. Although Runau asserts on appeal that "the nexus between his aberrant conduct, his PTSD, and the crime is glaring," Br. of Appellant at 17, we are not persuaded that the diagnosis of PTSD renders the sentence inappropriate.

[14] Finally, Runau asserts that sentence revision is warranted because he had "little or no criminal history." *Id.* As to his criminal history, Runau was convicted of four misdemeanors in 2009. And although Runau's convictions for OVWI, Public Intoxication, Disorderly Conduct, and Resisting Law Enforcement were relatively remote, he nevertheless had prior contacts with law enforcement. We cannot say that this criminal history reflects well on Runau's character.

[15] Having reviewed the matter, we are not persuaded that the court imposed an inappropriate sentence. We therefore decline to disturb the aggregate sentence.

# Conclusion

[16] The aggregate sentence of eight years is not inappropriate. However, the 547-day concurrent sentence for Class B misdemeanor False Informing is not authorized by statute. We therefore revise that sentence to 180 days and remand for correction of the record. We otherwise fully affirm the sentence.

[17] Affirmed in part, reversed in part, and remanded.

Kirsch, J., and Mathias, J., concur.